UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KYUNG JA LEE,

                        Plaintiff,

-against-

HSBC MORTGAGE CORPORATION USA;
SAFEGUARD PROPERTIES, LLC; STOP &
STOR NEW YORK'S SELF STORAGE
LEADERS, LLC,

                        Defendants.
------------------------------------------------------------X

**ORDER**
**14-CV-00584 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge:

      Plaintiff Kyung Ja Lee, brings this pro se action alleging that Defendants violated her constitutional rights under the Fourteenth Amendment of the United States Constitution. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. Under the statute governing complaints in forma pauperis, the court has an independent duty to assess whether a complaint meets the pleading standard under Federal Rule of Civil Procedure 8, and to dismiss it if it does not. 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12 (h)(3). For the reasons discussed below, Plaintiff's claims are dismissed.

**I.    BACKGROUND**

      Plaintiff brings this action in relation to her former property located at 102-10 66th Road, Apartment 22, in Forest Hills, New York. On December 14, 2007, Defendant HSBC Mortgage Corporation USA ("HSBC") foreclosed on the apartment. (Jan. 23, 2014, Compl. (Dkt. 1) at 3.) In January 2008, HSBC filed a holdover proceeding against Plaintiff, and on July 9, 2008, HSBC was awarded a Judgment of Possession in Queens County Civil Court. (See Compl. at 72-73,

1

Ex. J, HSBC Mortgage Corp. USA v. Lee, Index No. 54007/08; id. at 84-88, Ex. J, HSBC Affirmation in Opp'n ¶ 6.) Plaintiff was evicted from the premises by a New York City Marshal pursuant to a judgment in the state court. (Compl. at 4.) On July 13, 2011, Plaintiff filed an order to show cause with the state court seeking repossession of the premises. (Id. at 3.) On July 26, 2011, Plaintiff and HSBC entered into a Stipulation of Settlement granting Plaintiff "access to the . . . subject premises solely for the purpose of removing any personal belongings that may exist in the subject premises." (See Compl. at 23, Ex. C, Stipulation & Settlement.)

Plaintiff now alleges that HSBC failed to work in "good faith" to uphold the settlement and failed to provide her access to the premises. (Compl. at 3-4.) According to Plaintiff, HSBC and Defendant Safeguard Properties, LLC ("Safeguard") "removed her property recklessly," and "without itemizing and conducting [i]nventory." (Id. at 4.) Plaintiff further alleges that HSBC and Safeguard then stored "some of" Plaintiff's items at Defendant Stop & Stor New York's Self Storage Leader's ("Stop & Stor's") facility in Brooklyn, New York. (Id.) On September 28, 2011, Plaintiff went to the Stop & Stor facility to find that not all of her property was there. (Id. at 4-5.) Plaintiff states that Defendants would not disclose the location of the rest of the property from the apartment and that her most valuable items were stolen. (Id. at 5, 8.) Plaintiff seeks monetary damages, the return of her property, and possession of the premises. (Id. at 11-12.)

## II. STANDARD OF REVIEW

Under the statute governing proceedings in forma pauperis, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read Plaintiff's Complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)), aff'd on other grounds, 133 S. Ct. 1659 (2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

Plaintiff alleges that Defendant HSBC violated her Fourteenth Amendment rights, a claim that may be construed as a claim under the 42 U.S.C. § 1983. (Compl. at 1.) She seeks an order to Defendant to return her belongings. (Id.)

### A. Subject Matter Jurisdiction

Plaintiff's claims do not provide any basis for subject matter jurisdiction. "Federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction, and § 1332 provides for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See

§ 1332(a). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, complete diversity does not exist among the parties. Unless Plaintiff has a federal claim, the court lacks subject matter jurisdiction to decide Plaintiff's state claims. Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008).

To the extent Plaintiff seeks to have the court intervene in her dispute with defendants regarding any foreclosure or landlord-tenant matters, the court is without jurisdiction to grant plaintiff the relief she seeks. Judgments of foreclosure and the landlord-tenant relationship are fundamentally matters of state law. See, e.g., Ashby v. Polinsky, 328 Fed. Appx. 20, 21 (2d Cir. 2009) (holding that the Rooker-Feldman doctrine precluded plaintiff's attempt to re-litigate a state court foreclosure judgment in federal court); see also Oliver v. N.Y.C. Hous. Auth., No. 10-CV-3204 (ARR), 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) (federal court lacks subject matter jurisdiction over actions related to an eviction). Her only possible federal claim is the civil rights claim that she asserts. (See compl. at 2.)

**B. Civil Rights Claims**

The court liberally construes this action as being brought pursuant to 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights[, but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). In order to maintain a §1983 action, a complaint must allege that "the conduct complained of [was] committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted).

For Plaintiff to succeed on a § 1983 claim, she must first establish that the conduct of Defendants is "fairly attributable to the State." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999). Cf. Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

Defendants HSBC, Safeguard and Stop & Stor are private entities whose conduct cannot be fairly attributed to the State. Therefore, Plaintiff's civil rights claims should also be dismissed. 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Accordingly, the Complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B), Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February _/_, 2014

NICHOLAS G. GARAUFIS
United States District Judge